Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATE CURTIS,<br>*individually and on behalf of*<br>*all those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>AUTHENTIC SPORT SPECIALTY, INC.<br><br>Defendant. | Case No.: 3:25-cv-00521-DMS-KSC<br><br>Hon. Karen S. Crawford<br><br>**JOINT RULE 26(F) REPORT** |

In accordance with the Court's Notice and Order Setting Early Neutral Evaluation Conference (ECF No. 6), Plaintiff Kate Curtis ("Plaintiff") and Defendant Authentic Sport Specialty, Inc. DBA Soccer Post ("Defendant" or "Soccer Post") submit this Joint Rule 26(f) Report. The Parties have met and conferred.

I.   **Subject Matter Jurisdiction**

Plaintiff's Position: The Court has federal question jurisdiction under 15 U.S.C. 1332(b) because this matter arises out of a question of federal law, in particular the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

<u>Defendant's Position</u>: Plaintiff cannot show an injury-in-fact traceable to Defendant's alleged statutory violation because she requested the alleged text messages, meaning they are not "telephone solicitations" subject to the TCPA's Do-Not-Call ("DNC") rules in the first place. *See infra* § III.

## II. Service of Process and Additional Parties

<u>Plaintiff's Position</u>: All Parties have been served. Plaintiff does not expect to add any additional parties.

<u>Defendant's Position</u>: Defendant takes no position as to any remaining parties to be served.

## III. Statement of the Case

<u>Plaintiff's Position</u>: Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C §§ 227, et seq. ("TCPA"), when it sent at least two marketing text messages to Plaintiff at 6:33 AM and 6:19 AM, in violation of the time period restrictions proscribed by 47 C.F.R. § 64.1200(c)(1). Plaintiff never signed any type of authorization permitting or allowing Defendant to send Plaintiff marketing text messages before 8 am or after 9 pm.

<u>Defendant's Position</u>: Plaintiff's claim is frivolous and lacks a good-faith basis. The TCPA's "quiet hours" restrictions only apply to calls that are not "telephone solicitations," a term the TCPA defines to *exclude* calls made with "prior express invitation or permission." *See* 47 C.F.R. § 64.1200(c)(1) ("No person or entity shall initiate any *telephone solicitation* to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)[.]") (emphasis added); 47 U.S.C.A § 227(a)(4) ("The term 'telephone solicitation' means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term *does not*

*include* a call or message (A) to any person with that person's *prior express invitation or permission*[.].") (emphasis added).

Plaintiff admittedly opted in to receive the messages she alleges violate the TCPA's restrictions. And because she consented to receive messages from Defendant, the communications she's suing about are not "telephone solicitations" and not subject to the 8 am to 9 pm "quiet hours" rules outlined in the TCPA's regulations.

Plaintiff's counsel's own statements confirm the same: "The undersigned [The Law Offices of Jibrael S. Hindi] does recognize that text messages sent with 'prior express invitation or permission' *are not 'telephone solicitations' under the TCPA and, thus, do not fall within the ambit of the Quiet Hours Provision*."[1]

Plaintiff's claim thus has no basis in law or fact. Defendant plans to file a dispositive motion on these points soon after a statutory safe harbor expires, and no later than July 23, 2025.

**IV.   Case Management Schedule**

Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claim is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No. 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). And because Plaintiff admittedly opted in to receive texts from Defendant, no additional discovery is required to determine whether those texts qualify as "telephone solicitations" under the TCPA. As needed, Defendant will file a motion to stay discovery.

---

[1] *See* Comment of The Law Offices of Jibrael S. Hindi, PLLC, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 21-402, at 9, Apr. 10, 2025, https://www.fcc.gov/ecfs/search/search-filings/filing/10410030009644.

In the alternative, the Court should enter a phased schedule, as set forth below, to only permit discovery on Plaintiff's individual claim because the resolution of Defendant's forthcoming dispositive motion would obviate the need for burdensome class discovery. Under that schedule,

- The first <u>90 days</u> of discovery will be limited to expedited discovery on Plaintiff's individual claim;
- Defendants will be permitted to file a dispositive motion <u>30 days</u> later; and
- The parties will propose additional dates if the Court denies that motion.

A stay is best here, but phased discovery is also fair considering the simple, dispositive, and threshold issue at the heart of this case: Whether consensual texts are "telephone solicitations" subject to the "quiet hours" DNC rules (they are not, as explained above). *See, e.g.*, *Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) (explaining phased discovery serves Rule 1 because, "[w]ith bifurcation, if Plaintiff's claims fail completely, resources that would've been expended on class discovery will be saved. If Plaintiff's claims fail in part, the scope of discovery will be narrowed and resources will be saved."); *Cunningham v. Big Think Cap., Inc.*, 2021 WL 4407749, at *2 (E.D.N.Y. Sept. 27, 2021) (phasing discovery in TCPA case where the resolution of a single issue may resolve the case and "render trial on the other issue[s] unnecessary").

Courts in this circuit and others have phased discovery in TCPA class actions to address simple and completely dispositive issues. *See, e.g.*, *May v. Gladstone et al.*, 2:21-cv-02312, ECF Nos. 17, 19 (C.D. Cal. June 28, 2021) (phasing discovery in TCPA class action); *MacDonald v. R&H Indus., LLC*, No. 2:20-cv-00682, ECF No. 17 (D. Ariz. Jul. 17, 2020) (same); *Leschinsky v. Inter–Continental Hotels Corp.*, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015); *Moore v. Charter Commc'ns, Inc.*, No. 3:20-cv-01867, ECF No. 24 (D. Conn.

March 24, 2021) ("discovery will be bifurcated into two phases and the first phase is devoted to plaintiff's individual claim"); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 15 (N.D. Ind. Nov. 5, 2020); *Charvat v. LE Energy, LLC*, No. 2:19-cv-1325, ECF No. 15 (S.D. Ohio June 21, 2019); *Moore v. Mega Energy, LP*, No. 1:19-cv-03703, ECF 19 (N.D. Ill. Jul. 18, 2019); *Mickalovski v. Switch Energy, LLC*, No. 1:19-cv-06681, ECF No. 16 (N.D. Ill. Dec. 3, 2019); *Connor v. Charter Commc'ns, Inc.*, No. 6:19-cv-2008, ECF No. 31 (D.S.C. Dec. 5, 2019); *Starling v. Charter Commc'ns, Inc.*, No. 3:21-CV-01323, ECF No. 31 (D. Conn. Dec. 10, 2021).

Phasing discovery is also efficient. Determining whether the texts Plaintiff admittedly requested are actionable "telephone solicitations" doesn't overlap with any class discovery. Resolving that issue doesn't require any discovery, in fact.

And in nearly all the TCPA class action cases where the undersigned has been counsel and the respective courts have ordered phased discovery (over a dozen), those cases never progressed to a point where class certification briefing or expert discovery was *ever* required. *See, e.g., Antosi v. Presidio Interactive Corp.*, 1:23-cv-00395, ECF No. 29 (S.D.N.Y. May 18, 2023) (stipulated dismissal); *Alley v. Eligo Energy*, LLC, 1:22-cv-04543, ECF No. 21 (N.D. Ill. Jan. 5, 2023) (stipulated dismissal); *Jimenez v. Social Firestarter LLC*, 1:22-cv-03834, ECF No. 17, ECF No. 21 (stipulated dismissal) (N.D. Ill. Nov. 30, 2022); *Lindenbaum v. Realgy, LLC*, No. 1:19-cv-2862, ECF Nos. 54, 55 (N.D. Ohio June 7, 2022) (granting summary judgment); *Williams v. Tax Defense Network, LLC*, No. 2:20-cv-00312, ECF No. 27 (N.D. Ind. Feb. 25, 2021) (stipulation to dismiss case); *MacDonald*, No. 2:20-cv-00682, ECF No. 23 (D. Ariz. Jan. 26, 2021) (same). These results speak to the efficiency of a phased approach.

Plaintiff's Position:

Plaintiff opposes entry of a discovery stay. Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Salaiz v. eHealthInsurance Servs.*, 2023 U.S. Dist. LEXIS 48742, *18 (N.D. Cal Mr. 22, 2023). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, 'the court must determine whether the pending dispositive motion can be decided absent additional discovery. … If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds.'" *Id.* (internal citations omitted); see *Seven Springs L.P. v. Fox Capital Mgmt. Corp.*, 2007 U.S. Dist. LEXIS 32068, *6 (E.D. Cal Apr. 18, 2007) (requiring the party seeking a stay of discovery to show "by [a] clear and convincing [showing], that it will prevail on the merits of its dispositive motion").

Plaintiff also opposes entry of phased discovery. "[T]he distinction between merits discovery and class discovery [*4] is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery." *Grippo v. Sugared + Bronzed, LLC*, 2025 U.S. Dist. LEXIS 34927, *3-4 (C.D. Cal. Feb. 24 2025); see *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.")

The Parties have not yet engaged in any written discovery to date. Plaintiff anticipates propounding written discovery including Requests for Admissions, Requests for Production of Documents, Special Interrogatories and anticipates taking the deposition of Defendants' representatives pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff also seeks call records associated with Plaintiff's telephone numbers. "[D]iscovery must be broad enough to give plaintiffs a realistic

opportunity to meet (the certification) requirements." *Flores v. Bank of Am.*, 2012 U.S. Dist. LEXIS 182393, *3 (S.D. Cal. Dec. 27, 2012) (internal quotations omitted).

Plaintiff also anticipates taking the deposition(s) of certain of Defendant's employees who may have information relevant to this action as it concerns such things as Defendant's telemarketing practices during the class period and Defendant's practices of updating customer contact information subsequent to customer contacts and revocation of any prior-existing consent. At this time, Plaintiff is unaware of the actual identity of such witnesses, but Plaintiff believes Defendant is (or soon will be) aware of the identity of such potential witnesses.

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial Disclosures | 8/17/2025 |
| Deadline to amend the pleadings | 1/16/2026 |
| Discovery cut-off | 5/8/2026 |
| Expert Designation | 2/6/2026 |
| Rebuttal Expert Designation | 4/10/2026 |
| Expert Reports | 5/1/2026 |
| Rebuttal Expert Reports | 6/5/2026 |
| Expert Discovery Cut-off | 7/10/2026 |
| Dispositive Motion Cut-off | 9/4/2026 |
| Proposed Pretrial Conference | 10/7/2026 |

**V.   Discovery Plan**
  **i.   What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made**

or will be made, and whether further discovery conferences should be held;

Plaintiff's Position: Plaintiff does not believe any changes should be made for initial disclosures. Plaintiff opposes a stay of discovery.

Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claim is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery.

**ii.  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases;**

Plaintiff's Position: Plaintiff does not believe that discovery needs to be conducted in phases. Plaintiff anticipates engaging in written discovery with Defendant. Specifically, Plaintiff anticipates requesting information pertaining to Defendant's policies and procedures as it pertains sending text messages during quiet hours, class elements, and retention policies. Plaintiff anticipates deposing Defendant's person most knowledgeable, pursuant to Fed. R. Civ. P. 30(b)(6), on these issues. Plaintiff also anticipates deposing any other witnesses that may be identified during written discovery.

Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claim is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery.

To the extent the Court determines that any discovery should proceed,

discovery should be phased so individual discovery occurs before the Court opens the expensive floodgates to class discovery, as other courts have ordered in similar TCPA class actions. *See supra.*

  **iii.**  **What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules, and what other limitations, if any, should be imposed?**

  Plaintiff's Position: At this time, Plaintiff does not anticipate the need for any limitations on discovery at this time.

  Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claims is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery.

  **iv.**  **The timing of the disclosure of expert witnesses and information required by Rule 26(a)(2);**

  Plaintiff's Position: Plaintiff anticipates disclosing expert information by February 6, 2026.

  Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claims is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery. Assuming the Court does not stay or phase discovery, Soccer Post proposes the following:

  Plaintiff's Affirmative Report:  January 24, 2026

  Defendant's Affirmative Report:  February 24, 2026

  Rebuttal Reports:  March 27, 2026.

**VI. Amendments to Pleadings**

<u>Plaintiff's Position:</u> At this time, Plaintiff is not aware of any pleadings that need amendments. However, Plaintiff reserves the right to add additional parties or otherwise amend the pleadings in the future depending on information learned through discovery.

<u>Defendant's Position:</u> Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claims is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery. Assuming the Court does not stay or phase discovery, Defendant proposes September 30, 2025.

**VII. Dispositive or Other Motions**

<u>Plaintiff's Position:</u> Plaintiff anticipates filing a Motion for Class Certification after Plaintiff has engaged in some formal discovery. However, Plaintiff reserves the right to bring other motions, including discovery-related motions, or a motion for summary judgment, after an opportunity to conduct discovery.

<u>Defendant's Position:</u> Defendant anticipates filing a dispositive motion detailing why Plaintiff's having opted in to receive the alleged text messages bars her claim entirely. Because she requested those texts, they were not "telephone solicitations," which the TCPA defines to *exclude* calls made with consent. But the TCPA's time-of-day restrictions only apply to "telephone solicitations," so they do not apply to the text messages Plaintiff requested from Defendant.

**VIII. Unnecessary Proof, Cumulative Evidence, and Limitations or Restrictions under FRE 702**

Plaintiff's Position: Plaintiff is willing to stipulate to uncontested facts to avoid unnecessary proof.

Defendant's Position: Defendant plans to ask Plaintiff to stipulate to the fact that she opted in to receive communications from Defendant (a fact she already doesn't dispute).

## IX. Final Pretrial Conference

Plaintiff's Position: Plaintiff proposes the following date for the final Pretrial Conference: October 7, 2026.

Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claims is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery

Assuming the Court does not stay or phase discovery, Defendant defers to the Court on the date for the pretrial conference but requests that it be conducted 30 days before trial.

## X. Trial

Plaintiff's Position: Plaintiff estimates the trial will take place over 3-4 days and has demanded a jury.

Defendant's Position: Assuming the Court does not dismiss Plaintiff's case, trial would last 2-3 days if a class isn't certified. If a class is certified (which Defendant disputes would be permitted under Rule 23), Defendant estimates that trial would take far longer, given its due process right to call class members at trial.

## XI. Special Procedures

Plaintiff's Position: None at this time.

Defendant's Position: Defendant contends that discovery should be stayed until its forthcoming dispositive motion regarding the frivolousness of Plaintiff's claims is decided—just as another court ordered in a copycat "quiet hours" TCPA class action filed by the same Plaintiff's counsel. *See Bryant v. Hey Dude, Inc.*, No 2:24-cv-03679, ECF No. 8 (E.D. Cal. Apr. 11, 2025). As needed, Defendant will file a motion to stay discovery.

**XII.   Modification of Pretrial Procedures**

None at this time.

**XIII.  Related Cases**

At this time, the parties are not aware of any related or pending cases.

**XIV.   Settlement**

Plaintiff's Position: Plaintiff believes that future settlement discussions will benefit from a developed factual record after completion of discovery in order for the Parties to have productive settlement discussion. If the Parties are unable to resolve the after independently, Plaintiff is amenable to participating in private mediation.

Defendant's Position: Plaintiff may dismiss all claims against it without court intervention. If not, Defendant will file a dispositive motion soon after a statutory safe harbor expires, and no later than July 23, 2025.

**XV.    Other Matters**

Electronic Service: The Parties agree that electronic service of discovery documents may be used. For electronic service to be effective as to Plaintiff, all counsel of record shall be served. For electronic service to be effective as to Defendant, all counsel of record shall be served.

| | | |
|---|---|---|
| Dated: | July 2, 2025 | LAW OFFICES OF JIBRAEL S. HINDI |

By: /s/ Gerald D. Lane, Jr.
Gerald D. Lane, Jr.
*Counsel for Plaintiff*

| | | |
|---|---|---|
| Dated: | July 2, 2025 | WATSTEIN TEREPKA LLP |

By: /s/ Matthew A. Keilson
Matthew A. Keilson
*Counsel for Defendant*